Filed 10/31/24  P. v. Taylor CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B328563 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. GA103347-01 |
| JUSTIN JAYLEN TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Justin Jaylen Taylor appeals his conviction for first degree residential burglary. Taylor's counsel has asked us independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

In April 2018 the People charged Taylor, together with a co-defendant, with the attempted first degree burglary, person present, of one victim (count 1) and the first degree residential burglary of another victim (count 2). On March 5, 2019, Taylor entered into a plea agreement with the People. Taylor pleaded to the second count in exchange for three years of formal felony probation and 365 days in the county jail. As part of the plea deal, the People dismissed count 1.

In July 2019, Taylor was arrested. Based on that new arrest, the court revoked Taylor's probation. On August 6, 2019, Taylor admitted the probation violation in exchange for time served.

In June 2020, Taylor was arrested again. The court again revoked Taylor's probation based on the new arrest.

On July 8, 2020, the court transferred Taylor's probation case to the court handling his new case, MA079232. That case apparently went to trial in January 2023. A jury convicted Taylor on a number of felony counts, including three counts of kidnapping to commit robbery, home invasion robbery, first degree residential burglary/person present, conspiracy to commit first degree burglary, and attempted first degree residential burglary, as well as misdemeanor counts of child endangerment and battery on an elder. Taylor admitted his strike prior. The trial court sentenced Taylor to multiple life terms plus a determinate sentence of 27 years and four months.

2

The court also found Taylor in violation of his probation in this case for "failing to obey all laws by picking up that new case and being convicted in MA079232." The court asked Taylor's counsel if he wished to be heard on the probation violation and counsel replied, "No. Thank you." The court then terminated Taylor's probation and sentenced him to 16 months as one-third the midterm.

Taylor appealed. Taylor's retained counsel checked a box on the notice of appeal form that stated, "This appeal is after a jury or court trial." Although the form included a box that applies after an admission of a probation violation, Taylor's counsel did not check that box. Notwithstanding counsel's error, on June 5, 2023, the Administrative Presiding Justice of this court issued an order stating, "This appeal . . . is limited to issues that do not require a Certificate of Probable Cause."

We appointed counsel to represent Taylor in this appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court independently to review the record under *Wende, supra,* 25 Cal.3d 436. Counsel stated he had advised Taylor that he could file a supplemental brief within 30 days. On November 8, 2023, we sent a letter directing counsel to send the record of this appeal and a copy of his opening brief to Taylor, and noting Taylor could file a supplemental brief raising any contentions or arguments he wished this court to consider. We have not received any supplemental brief from Taylor.

We have independently reviewed the record and find no arguable issues. We are satisfied that Taylor's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra,* 25 Cal.3d at p. 441.)

3

**DISPOSITION**

We affirm Justin Jaylen Taylor's conviction.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, Acting P. J.

We concur:



ADAMS, J.



BERSHON, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.